AMOS MORETON, RESPONDENT *v.* GEORGE SWAN, CITY AUDITOR OF SALT LAKE CITY, APPELLANT.[1]

*Police and Fire Departments—Removal of Members—City Ordinance—Chap. 37 Session Laws 1894 and Chap. 73 Session Laws 1896 Repealed—Sec. 2482 R. S. 1898—Sec. 2480 R. S. 1898—Subd. 59 Sec. 206 R. S. 1898.*

The provisions of Chap. 37 Sess. Laws of 1894 p. 33 and Chap. 73 Sess. Laws 1896 p. 219 relating to police and fire departments in so far as they affected fire departments in cities of more than 12,000 inhabitants, were not continued in force by Sec. 2482 R. S. 1898, but were repealed by Sec. 2480 R. S. 1898, and by subd. 59 Sec. 206 R. S. 1898 the municipality was given the right to enact the ordinance under which petitioner and his assignors were removed.

( Decided June 17, 1899. )

Appeal from the Third District Court, Salt Lake County, Hon. A. N. Cherry, *Judge.*

---

[1] See *Pratt* v. *Swan*, 16 Utah 483; *Everill* v. *Swan*, 17 Utah 514, 55 Pac. 68.

Proceeding in *mandamus* to compel the city auditor of Salt Lake City to draw his warrant in favor of the petitioner, for a certain sum of money which he insists is due him and several others who have assigned their claims to him for salaries as firemen of the city. The trial court granted the writ and defendant thereupon appealed. *Reversed.*

*W. C. Hall, Esq.*, and *C. B. Stewart, Esq.*, for appellant.

*N. W. Sonnedecker, Esq.*, and *E. D. Hoge, Esq.*, for respondent.

BARTCH, C. J.

This is a proceeding in *mandamus* to compel the appellant, City Auditor of Salt Lake City, to draw his warrant on the city treasurer, in favor of the petitioner, for a certain sum of money, which, he insists, is due him and several others, who have assigned their claims to him, for salaries as firemen of the city. The court granted the writ, and thereupon the defendant appealed. It appears from the record that the petitioner, and his assignors, were members of the fire department of the city prior to January 1, 1898, under and by virtue of the Act of the Legislature, relating to the Board of Police and Fire Commissioners, approved March 30, 1896, the same being a re-enactment of the Act, approved March 8, 1894. Sess. Laws, 1896, c. 73, p. 219; Id. 1894, c. 37, p. 33.

They continued to hold office, and were recognized by the city authorities, until May 11, 1898, when, pursuant to an ordinance, entitled "An ordinance creating and organizing a fire department for Salt Lake City, Utah, prescribing the number of officers and firemen connected

therewith, and regulating the same and repealing all conflicting ordinances and resolutions of the city council," passed by the council on the 15th and approved by the mayor on the 16th of February, 1898, other persons were appointed to fill their places; and thereafter the petitioner and his assignors were not recognized as members of the fire department.

The question which is decisive of this case is whether the Revised Statutes, which took effect January 1, 1898, empowered the municipality of Salt Lake City to organize and support a fire department, or, whether the act of 1894, as re-enacted in 1896, was still in force as to firemen, at the time of the removal of the petitioner and his assignors?

The appellant contends that the ordinance, pursuant to which the removal was effected, is valid, and that, as to members of the fire department in a city of the class to which Salt Lake City belongs, the acts of 1894 and 1896, were repealed by the Revised Statutes, because, as he maintains, a different provision was made therein, respecting fire departments in such cities, and that therefore, firemen, after January 1, 1898, when the Revised Statutes went into effect, did not continue to hold their offices under the former tenure, as provided in Sec. 2482, R. S.

The *different provision* of the Revised Statutes, on which the appellant relies, is contained in subd. 59, Sec. 206, and reads: "Except as otherwise provided by law, to provide for the organization and support of a fire department; to procure fire engines, hooks, ladders, buckets, and other apparatus; and to organize fire engine and hook and ladder companies, and to prescribe rules, duties and government therein, with such penalty as the council may deem proper, and to make all necessary appropriation

20 Utah—6.

therefor; and to establish regulations for the prevention and extinguishment of fires."

Section 206, refers to the powers of city councils, and is contained in Ch. 4 of Title 10, R. S., which relates to "Cities and Towns."

The appellant further contends that the Mayor, with the advice and consent of the council had the power to fill the places of the petitioner, and his assignors, by the appointment of other persons, as provided in Section 214, R. S. But notwithstanding the provision of subd. 59, the power of appointment contained in Section 214, R. S., and the general repealing clause contained in Sec. 2480, R. S., counsel for the respondent insist that Salt Lake City's council had not the power to provide for a fire department; that, therefore, the ordinance which was enacted on February 15, 1898, was void; that all acts done pursuant to it, including the removal of the respondent and his assignors, were illegal; and that firemen, in cities of the class to which Salt Lake City belongs, were entitled by virtue of Sec. 2482, R. S., to hold their offices under the provisions of the acts of 1894 and 1896, maintaining that the provisions of those acts remained in force after January 1, 1898, until otherwise provided by the legislature.

In reply to these several contentions, it may be said that the acts of 1894, and 1896, and the various provisions of the Revised Statutes referred to, were all carefully considered by this court in the case of *Pratt* v. *Swan*, 16 Utah, 483, and the views therein expressed are adverse to the contentions of the respondent herein. It is true, in that case the rights of a police officer were under consideration, while in this the rights of firemen are to be determined. The provisions of statute, however, respecting the police and fire departments, contained in the acts

of 1894, and 1896, and in the Revised Statutes, were found to be so interwoven, so blended together, that it became necessary to consider not only the various provisions with reference to police departments, but also with reference to fire departments. Respecting fire departments, we said: "In the Revised Statutes (chapter 4, Sec. 206, subd. 59) we find that, by express provision, the city council has been given power 'to provide for the organization and support of a fire department,' and to prescribe the necessary regulations therefor: But nowhere in chapter 4, nor anywhere else in the revision, have we been able to find, nor have we been cited to any provision respecting a police department in cities of the first class— the class to which Salt Lake City belongs."

And again it was said: "Thus it will be seen that in the Revised Statutes there is ample provision to create and maintain a fire department in the large cities."

The position respecting police and fire departments in large cities, assumed in that case by this court, was re-affirmed in *Everill* v. *Swan*, 17 Utah 514, 55 Pac. Rep. 68, where, after referring to entries in the legislative journals concerning certain bills relating to police and fire departments, it was said: "From these entries it may be seen that the bills introduced for the purpose of enacting a fire and police law, and to repeal the act of 1896, which is a re-enactment and amendment of the act of 1894, failed to pass. An examination of the measure which thus failed of passage will show that it provided for complete police and fire departments and an examination of the Revised Statutes, as shown in the case of *Pratt* v. *Swan, supra,* reveals the fact that the same legislature which defeated that measure made ample provisions in the Revised Statutes to create and maintain a fire department in cities of more than 12,000 inhabitants, and to create and maintain

a police department in cities of less size, and in these provisions was included the tenure of office. Nowhere in the Revised Statutes, however, do we find similar provisions respecting police departments and tenure of office in cities of the first class."

Upon further examination of the several provisions of statute to which our attention has again been called, we perceive no reason to change or modify the views expressed in those decisions, and, in conformity therewith we are of the opinion that the contention of the respondent is not well founded; that the provisions of the act of 1894 and 1896, relating to fire departments, were repealed by the Revised Statutes; that after January 1, 1898, the municipality had the right under subd. 59, Sec. 206 R. S., to enact the ordinance in question, and, in pursuance thereof, to remove the petitioner and his assignors from office, and appoint other persons to their places; and that, having been so removed, they were not thereafter entitled to the emoluments of the office.

The case must therefore be reversed, with costs, and the cause remanded with directions to the court below to set aside its judgment and deny the writ of mandate.

It is so ordered.

MINER, J. and BASKIN, J., concur.